IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACQUELINE STINSON,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORORATION and LAURA LAWSON,<br><br>Defendants. | CASE NO.<br><br>Polk County Law No. LACL158703<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION AND RULE 81 STATEMENT** |

**COMES NOW** the Defendants, Target Corporation and Laura Lawson, by and through its attorney, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of the removal of this cause of action from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, and in support thereof states the following:

1. Plaintiff filed her Petition at Law and Jury Demand and Original Notice in the Iowa District Court for Polk County on or about April 25, 2024. An Affidavit of Return of Service was filed on or about May 9, 2024 evidencing service of the Defendant Target Corporation on May 8, 2024 and Defendant Laura Lawson on May 2, 2024. Defendants filed their Answer, Affirmative Defenses and Jury Demand on May 30, 2024 pursuant to an agreement between counsel regarding the normal 20 day period to Answer. Pursuant to 28 U.S.C. § 1446(a), copies of these documents are attached as Exhibits A, B and C, respectively.

2. This cause of action may be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, pursuant to 28 U.S.C. §§ 1332 and 1441 as a matter in controversy is pled so as to exceed the jurisdictional amount, Target Corporation and Jacqueline Stinson are citizens of different states and Ms. Lawson is not a proper party. Plaintiff Stinson is a citizen of the State of Iowa while Defendant

Target Corporation is neither a citizen of the State of Iowa nor does it maintain its principal place of business in Iowa.

3. Plaintiff "fraudulently joined"[1] Lawson to defeat diversity jurisdiction. Accordingly, her citizenship should be ignored for purposes of determining diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Indeed, "the right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (quoting *Wilson*, 257 U.S. at 97); *see also Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (affirming district court's exercise of jurisdiction where in-state defendant was fraudulently joined solely for purposes of defeating diversity of citizenship).

4. A plaintiff fraudulently joins a defendant when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland North Amer., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

5. There is no basis in fact and law to hold Ms. Lawson liable. Premises liability is based upon control. "It is well established under Iowa law that a possessor of land owes a duty of care to entrants upon the land, including business invitees." *Van Essen v. Farmers Coop. Exch.*, 599 N.W.2d 716, 719 (Iowa 1999). Lawson was not a "possessor," however.

> The Restatement (Second) of Torts and our cases define a "possessor" of land as
>
> (a) a person who is in occupation of the land with the intent to control it or
>
> (b) a person who has been in occupation of the land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

---

[1] "Fraudulent joinder is a term of art and does not require an ill motive by a plaintiff." *Perry v. Luu*, No. 1:13-cv-00729 - AWI - JLT, 2013 U.S. Dist. LEXIS 93829, at *12 (E.D. Cal. July 2, 2013)

> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).

Restatement (Second) of Torts § 328E, at 170 (1965) (emphasis added); *accord Hoffnagle v. McDonald's Corp.*, 522 N.W.2d 808, 813 (Iowa 1994); *Downs v. A & H Constr. Ltd.*, 481 N.W.2d 520, 524 (Iowa 1992). As this definition implies, possessor status, and the corresponding duty of due care, turns not on ownership, but on occupation and control of the land. *See Hoffnagle*, 522 N.W.2d at 813.

6. Plaintiff did not plead that Ms. Lawson possessed, occupied, or controlled the North Target store. The Plaintiff mentioned some duties based upon Ms. Lawson's job title. But the Plaintiff did not plead that Ms. Lawson was even present or working in the store at the time of Plaintiff's alleged fall.

7. The Indiana Supreme Court recently dealt with a similar issue in deciding whether a store manager could be liable under the tort laws of Indiana (relying heavily on Restatement principles, like the Iowa Supreme Court).

> [Resident-defendant]'s position as store manager cannot, without more, subject him to liability. We find the comment to Section 352 instructive: "An enforceable promise for the benefit of a third person may create a contractual duty to the third person (see § 342), but an agreement to carry out the purpose of the employer, which may be to help others, does not, without more, create a relation between the agent and the others upon which an action of tort can be brought for the harm which results from a failure of the agent to perform his duty to the principal." Restatement (Second) of Agency § 352 cmt. a (1958).
>
> While [Resident-defendant] maintaining the store for the benefit of [store owner] may also benefit store patrons, [Resident-defendant] owed the duty to [store owner], not store patrons, absent more. On this record, there is nothing more to make [Resident-defendant] liable to Plaintiffs.

*Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982, 987-88 (Ind. 2021).

8.     The *Branscomb* case was a certified question from the US District Court for the Northern District of Indiana. Upon receiving the Indiana Supreme Court's answer, the federal court found fraudulent joinder and dismissed the fraudulently joined defendant. "[T]his Court finds that the application of the fraudulent joinder doctrine is appropriate. As such, this Court will disregard, for jurisdictional purposes, the citizenship of [Resident-defendant], assume jurisdiction over the case, dismiss [Resident-defendant], and retain jurisdiction." *Branscomb v. Wal-Mart Stores E.*, No. 1:20-CV-213-HAB, 2021 U.S. Dist. LEXIS 68396, at *1-2 (N.D. Ind. Apr. 8, 2021). The Court should do the same here.

9.     Pursuant to Local Rule 81(a.)(4.), Defendant states that the Petition filed in state court does not on its face indicate the required amount in controversy.  However, Plaintiff seeks unspecified compensatory damages for past medical expenses, future medical expenses, past pain and suffering, future pain and suffering, past disability and loss of full use of her body, future disability and loss of full use of her body, past loss of income, future loss of income and any other element of damages allowable under Iowa law not specifically set forth herein.  See Plaintiff's Petition at Law.  Based on pre-trial communications between the parties, the injury claims include (but are not limited to) a knee fracture.  Plaintiff's counsel was approached about an agreement to stipulate that the amount in controversy as being $75,000 or less in order to remain in State District Court by e-mail on May 28, 2024.  Plaintiff's counsel responded that they did not yet have enough information to confidently value Ms. Stinson's injuries below $75,000 and accordingly could not join in a stipulation.

10.     Plaintiff herein pleads as her state and county of domicile, Polk County, Iowa. *See* Plaintiff's Petition at Law paragraph 1.

11. Defendant Target Corporation is a foreign corporation with its principal place in Minneapolis, Minnesota. *See* Plaintiff's Petition at Law paragraph 2 and Defendant's Answer.

12. Pursuant to Local Rule 81(a)(2), Defendant states that the only matter currently pending is the state court matter removed by this Notice.

13. Pursuant to Local Rule 81(a)(2), Defendant states that the attorneys appearing on behalf of the Plaintiff in the state court matter are Elizabeth Boyer and Rob Conklin of Lawyer, Lawyer, Dutton, Drake & Conklin, LLP, 2469 106th Street, Urbandale, IA 50322, telephone (515) 224-4400, and facsimile (515) 223-4124.

**WHEREFORE**, for the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. § 1441; therefore, Defendant requests this Court accept jurisdiction of this matter.

                        LAMSON, DUGAN & MURRAY, LLP

                By: /s/ Scott Wormsley
                    Scott Wormsley, AT0008755
                    Lamson Dugan & Murray, LLP
                    1045 76th Street, Suite 3000
                    West Des Moines, IA 60266
                    Phone: (515) 513-5003
                    Fax: (515) 298-6536
                    E-Mail: swormsley@ldmlaw.com
                    ATTORNEY FOR DEFENDANTS

Copy to:

Elizabeth Boyer
Rob Conklin
2469 106th Street
Urbandale, IA 50322
eboyer@lldd.net
rconklin@lldd.net
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on June 3, 2024 by:

| | |
|---|---|
| ☐ U.S. Mail | ☐ E-Mail |
| ☐ Hand Delivered | ☒ Efile |
| ☐ Federal Express | ☐ Other_____ |

　　　/s/ Shannon Gentry